DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

UNITED STATES OF AMERICA and )
PEOPLE OF THE VIRGIN ISLANDS, )
  )
      v. )
  )      Criminal Action No. 2013-0003
ELVIN WRENSFORD and )
CRAIG MULLER, )
  )
           Defendants. )
_____ )

Attorneys:
**Alphonso G. Andrews, Jr., Esq.,**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
     *For the Government*

**Omodare B. Jupiter, Esq.,**
St. Croix, U.S.V.I.
     *For Defendant Elvin Wrensford*

**Martial A. Webster, Sr., Esq.,**
St. Croix, U.S.V.I.
     *For Defendant Craig Muller*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion to Sever filed by Defendant Elvin

Wrensford. (Dkt. No. 147). In the Motion, Wrensford argues that severing his trial from that of

his co-Defendant, Craig Muller, will "resolve the scheduling conflict currently pending before

the Court and . . . promote a fair and speedy determination of the merits of his case." *Id.* For the

reasons that follow, the Court will deny the Motion.

## I.   PROCEDURAL HISTORY

On January 29, 2013, Wrensford and Muller were indicted in the District Court of the Virgin Islands on the following charges: Possession of a Firearm in a School Zone, in violation of 18 U.S.C. § 922(q)(2)(A); Using a Firearm during a Violent Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); Unauthorized Possession of a Firearm, in violation of 14 V.I.C. § 2253(a); and Murder in the First Degree, in violation of 14 V.I.C. § 922(a)(1) and 923(a). (Dkt. No. 1). Wrensford was also charged with Possession of a Firearm with Obliterated Serial Number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). *Id.*

In November 2013, Wrensford filed a Motion for a *Daubert* Hearing (Dkt. No. 52) challenging two of the Government's expert witnesses.[1] The Court held hearings on February 10, 2014 and February 28, 2014, and issued opinions on March 25, 2014 and July 28, 2014. (Dkt. Nos. 111, 136). Also in November 2013, Wrensford filed a Motion to Suppress. (Dkt. No. 53). The Court held a hearing on that motion on January 17, 2014 and ordered post-hearing briefing. Because Wrensford raised a new suppression argument in the post-hearing briefing, the Court held a reconvened suppression hearing on June 26, 2014.[2] On August 11, 2014, the Court issued its Memorandum Opinion and Order on Wrensford's Suppression Motion. (Dkt. No. 137, 138).

The Court then endeavored to set a trial date in this matter. The Magistrate Judge informed counsel that the Court could schedule the trial in October, but not November. On August 27, 2014, the Government filed a "Joint Request for Trial Date Certain." (Dkt. No. 142). In the Request, the Government stated that the parties anticipated that the trial would last approximately two weeks, and that commencing the trial on Friday, November 7, 2014, with

---

[1] Wrensford challenged the Government's DNA and toolmark experts. Wrensford's motion challenged both the witness and the science underlying their analyses and opinions.

[2] Wrensford challenged the conduct of the police at various stages of the investigation process.

closing arguments on Monday, November 24, 2014 would be "desirable." The parties also "considered that jury appearance and enthusiasm would be severely reduced during the Thanksgiving and Christmas holidays," which would "hamper a fair and just trial." *Id.* The Joint Request noted that Wrensford preferred that the trial be scheduled during October, but counsel for Muller stated that an October trial would present scheduling conflicts for him. *Id.*

On August 28, 2014, the Court issued a Trial Management Order, scheduling the jury trial for October 6, 2014. (Dkt. No. 143). The Court indicated that while it had considered the parties' request for a November trial, it was unavailable on the proposed dates. *Id.*

On September 4, 2014, Muller filed a "Motion to Continue Jury Selection and Trial Scheduled for October 6, 2014." (Dkt. No. 144). The motion was based on counsel for Muller's unavailability due to previously scheduled trials during the month of October, and was accompanied by documentation of those scheduled trials. *Id.*

On September 5, 2014, Wrensford filed the instant Motion to Sever. In the Motion, Wrensford reiterated that he prefers an October trial date, and therefore objects to a continuance. Wresnford requests that the Court sever the trial and proceed with the October 6, 2014 trial date as to him, claiming that the prejudice of delaying the trial is so severe that it would "substantially impair [his] constitutional right to a fair trial." (Dkt. No. 148 at 3). He states that he has been detained since the date of his arrest in May 2012, and that severing his trial from Muller's will resolve the scheduling conflict and avoid prejudice to him. *Id.* at 3-4.

The Government timely opposed the Motion, asserting that both Defendants were joined in the same indictment; the joint trial is consistent with the preference in the federal system for joint trials of defendants indicted together; and Wrensford has failed to allege any specific prejudice he would suffer if a severance is not granted. (Dkt. No. 150).

## II.   DISCUSSION

Federal Rule of Criminal Procedure 14 addresses relief from prejudicial joinder. It

provides:

> If the joinder of offenses or defendants in an indictment, an information, or a
> consolidation for trial appears to prejudice a defendant or the government, the
> court may order separate trials of counts, sever the defendants' trials, or provide
> any other relief that justice requires.

Fed. R. Crim. P. 14(a). Under Rule 14, a defendant bears a "heavy burden in gaining severance."

*United States v. Quintero,* 38 F.3d 1317, 1343 (3d Cir. 1994). The defendant must "'pinpoint

clear and substantial prejudice resulting in an unfair trial.'" *United States v. Riley*, 621 F.3d 312,

335 (3d Cir. 2010) (quoting *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992)). A

motion to sever under Rule 14 should be granted "only if there is a serious risk that a joint trial

would compromise a specific trial right of one of the defendants, or prevent the jury from

making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539

(1993). In *Zafiro*, the Supreme Court provided three examples of when prejudice might rise to a

level warranting severance: (1) a complex case involving many defendants with "markedly

different" degrees of culpability; (2) a case where evidence of one defendant's guilt is admissible

only against a co-defendant; and (3) a case where exculpatory evidence is inadmissible in the

joint trial. *Id.* Ordinarily "severance is reserved for cases involving many . . . defendants and

counts." *United States v. White*, 2014 WL 414245, at *3 (M.D. Pa. Feb. 4, 2014) (citing cases).

The relevant inquiry is "whether the jury will be able to compartmentalize the evidence as it

relates to separate defendants in view of its volume and limited admissibility." *United States v.

Davis*, 397 F.3d 173, 182 (3d Cir. 2005) (internal quotation marks omitted).

"Once a defendant has met his burden of demonstrating prejudice, the Court may

exercise its discretion to grant the motion to sever after 'balanc[ing] the potential prejudice to the

defendant against the advantages of joinder in terms of judicial economy.'" *United States v. Ranalli*, 2014 WL 1514046, at \*2 (M.D. Pa. Apr. 16, 2014) (quoting *United States v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989)).

Wrensford claims that a joint trial "is of such severity that it would substantially impair [his] constitutional right to a fair trial," and that he is attempting to "resolve the potential scheduling conflict" by moving to sever. (Dkt. No. 148 at 3). He indicates that he has been detained since May 2012 and believes a trial scheduled as soon as possible would be more "fair." However, Wrensford provides no specifics to explain how a joint trial might prejudice him; he does not describe which rights might be compromised by a joint trial or how a jury may be prevented from "making a reliable judgment about guilt or innocence." *United States v. Washington*, 543 F. App'x 171, 176 (3d Cir. 2013). His generalizations concerning prejudice are simply insufficient to satisfy the "heavy burden" he must shoulder in order for the Court to sever a trial. *Quintero*, 38 F.3d at 1343; *see also United States v. John-Baptiste*, 747 F.3d 186, 197 (3d Cir. 2014) ("'Mere allegations of prejudice [in a motion to sever] are not enough.'") (quoting *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981)).[3]

Not only has Wrensford failed to show prejudice, but the preference for judicial economy is compelling, and weighs strongly against severance. *See Zafiro*, 506 U.S. 537 ("There is a preference in the federal system for joint trials of defendants who are indicted together," as joint trials "play a vital role in the criminal justice system" by "promot[ing] efficiency and serv[ing] the interest of justice by avoiding the scandal and inequity of inconsistent verdicts.") (internal

---

[3] To the extent that Wrensford is claiming prejudice resulting from the delay that would be occasioned by a continuance, such a claim rings hollow. Wrensford moved for two continuances for trials that had been scheduled in March and September, 2013 (Dkt. Nos. 10 and 31), and did not file his substantive motions until November 2013. As indicated above, the motions required multiple hearings, extra briefing, and extensive analysis.

quotation marks omitted). Here, both Defendants were indicted for the same crimes involving the same event (although Wrensford was indicted with an additional firearms charge). Granting Wrensford's request would result in the Court conducting two separate trials, likely with the same witnesses testifying to the same events, which runs counter to the established principles of judicial economy. *See Sandini*, 888 F.2d at 306 (noting that, ordinarily, defendants jointly indicted should be tried together to conserve judicial resources).

## CONCLUSION

For the reasons set forth above, the Court will deny Wrensford's Motion for Severance. (Dkt. No. 147). An appropriate Order accompanies this Memorandum Opinion.

Date: September 15, 2014

_____/s/_____
WILMA A. LEWIS
Chief Judge