DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE VIRGIN ISLANDS, <br><br> v. <br><br> ELVIN WRENSFORD and CRAIG MULLER, <br><br> Defendants. | Criminal Action No. 2013-0003 |

**Attorneys:**
**Alphonso G. Andrews, Esq.,**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
    *For the United States and the Virgin Islands*

**Omodare B. Jupiter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Elvin Wrensford*

**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I
    *For Defendant Craig Muller*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the "Motion *in Limine* re Prior Conduct," filed by the United States of America and the People of the Virgin Islands (the "Government"). (Dkt. No. 8). This Memorandum Opinion provides the reasons in support of the Court's March 11, 2015 ruling from the bench in which the Court granted the Government's Motion.

## I.   BACKGROUND

In its Motion, the Government seeks an Order permitting it to introduce evidence of prior conduct by both Defendants, Elvin Wrensford and Craig Muller, in this matter, asserting that such prior conduct "proves the alleged offense and thus is not Rule 404(b) evidence." *Id.* at 1. Nonetheless, by its Motion, the Government provides notice of its intent to offer evidence of prior conduct, as follows:

> Less than two hours before the May 10, 2012 shooting incident with which the defendants are charged, both of them engaged in an argument with a male individual (not the victim) at Ben's Car wash in Estate Princess, St. Croix, Virgin Islands. They followed the male individual as he walked away and continued to argue with him. Defendants then left the car wash. Minutes later, the individual with whom Defendants were arguing returned to the car wash with Gilbert Hendricks, Jr. (the victim). The individual told others at the car wash about the argument he had with Defendants and left. Hendricks left as well but returned later.

*Id.* at 1-2. The Government goes on to say that "sometime after Hendricks returned, Defendants appeared in a red truck, drove to the car wash, and discharged shots at Hendricks as he ran from them," and Hendricks died as a result of his gunshot wounds. *Id.* at 2. The Government contends that "the shooting incident stemmed from the earlier altercation (i.e., the argument) at the car wash with an associate of the victim" and the altercation "provided the motive for the shooting and is part and parcel of the entire event" and therefore admissible. *Id.*

During the March 4, 2015 pretrial conference, which included a hearing on the Motion, the Government provided a more detailed proffer of the evidence that it expected would tie the argument to the shooting contending, *inter alia,* that it is relevant background evidence leading up to the crime. The Government explained that Defendants argued with a Mr. Jackson at the car wash. After the argument, Jackson left and then returned to the car wash with the victim, Gilbert Hendricks, Jr. At this point, Jackson accused two individuals there of being the people with

whom he had the argument. Jackson and Hendricks left the car wash. Hendricks returned to the car wash alone. A red truck arrived, driving slowly. Hendricks left the car wash and started running, heading in the same direction as Jackson had earlier left with Defendants following him. The truck turned around, trapped him, and he was shot.

Defendants did not file an Opposition to the Government's Motion. However, at the March 4, 2015 hearing, they interposed a number of objections, arguing that: (1) having recently received *Jencks* material from the Government, the evidence does not show that there was an argument at the car wash, and any innuendo that there was an argument would be prejudicial; (2) the Government needs to make a preliminary showing by a preponderance of the evidence that the argument actually occurred, and the Court must make such a preliminary finding, pursuant to *Huddleston v. United States*, 485 U.S. 681 (1988); and (3) if there was an argument, then such an argument would show that the Defendants had the character trait of aggressivity, which is inadmissible under Rule 404(b). On March 6, 2015, Defendant Wrensford submitted a post-hearing memorandum in which he stated that the standard enunciated in *Huddleston* that the Government must meet before a court allows admission of Rule 404(b) evidence is not a preponderance of the evidence, but there must be "sufficient evidence to support a finding by the jury that the defendant committed the similar act."  (Dkt. No. 213) (quoting *Huddleston*, 485 U.S. at 685).

## II.   DISCUSSION

### A. Applicable Legal Principles

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nonetheless, such evidence may be admissible to

3

prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. Rule 404(b)(2). Rule 404(b) "is generally a rule of exclusion. It 'directs that evidence of prior bad acts be excluded—*unless* the proponent can demonstrate that the evidence is admissible for a non propensity purpose.'" *United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (quoting *United States v. Caldwell,* 760 F.3d 267, 275 (3d Cir. 2014)).

"Evidence of other crimes and bad acts" is often divided into "two categories: those 'extrinsic' to the charged offense, and those 'intrinsic' to it." *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010). In the Third Circuit, what is considered "intrinsic" is to be "understood narrowly. Evidence is only intrinsic if it 'directly proves the charged offense' or if it is an 'uncharged act[ ] performed contemporaneously with the charged crime. . . [and committed to] facilitate the commission of the charged crime.'" *United States v. Johnson*, 578 F. App'x 150, 156 (3d Cir. 2014) (quoting *Green*, 617 F.3d at 249). Intrinsic evidence is not subject to a Rule 404(b) analysis. *Id.*

"[E]vidence of other crimes and bad acts" that falls outside the scope of narrowly defined "intrinsic" evidence is deemed extrinsic and must be analyzed under Rule 404(b). *Green,* 617 F.3d at 245, 249. To be admissible under Rule 404(b), extrinsic evidence must be:

> (1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested.

*Caldwell*, 760 F.3d at 277-78 (citing *Huddleston*, 485 U.S. at 691-92).

**B. Analysis**

The Government has offered two theories under which evidence of the prior argument is admissible: (1) the argument was "part and parcel" of the entire event and is relevant background evidence, and, as such, does not come under the purview of Rule 404(b); and (2) even if it is

considered Rule 404(b) evidence, the argument shows motive and is admissible pursuant to that non-propensity purpose.

Courts that analyze whether evidence of a defendant's prior actions are admissible under Rule 404(b) are typically confronted with a defendant's prior crimes or uncharged bad acts. *See United States v. Seraphin*, __ F. App'x __, 2015 WL 364136, at *2 (3d Cir. Jan. 29, 2015) ("Under Rule 404(b), the Government can't offer evidence of a defendant's bad acts to impugn his character or suggest he has a penchant for committing certain crimes."); *United States v. Duran*, 563 F. App'x 174, 178 (3d Cir. 2014) ("Rule 404(b) prohibits introduction of evidence of prior crimes or bad acts to prove a person's character to show that on a particular occasion the person acted in accordance with the character.") (internal quotation marks omitted); *Caldwell*, 760 F.3d at 277 (analyzing whether defendant's "prior bad act evidence" is more probative or prejudicial); *United States v. Washington,* 543 F. App'x 171, 179 (3d Cir. 2013) (examining whether "evidence of uncharged crimes or wrongs" is admissible under Rule 404(b)). A determination is made as to whether those prior bad acts constitute inadmissible evidence of character, or are admissible for non-propensity purposes under the Rule subject to an analysis of probative value and prejudice.

In the instant matter, the Court first considers whether the fact that Defendants may have engaged in an argument prior to the shooting presents, in the context here, the kind of circumstance that is contemplated and encompassed by Rule 404. In the Court's view, the verbal altercation does not constitute "prior crimes or other bad acts," *Green*, 617 F.3d at 249, or "[e]vidence of a crime, wrong, or other act . . . [that] prove[s] a person's character," Fed. R. Evid. 404(b)(1), so as to implicate Rule 404(b) for purposes of the charged murder/firearms offenses. In other words, Defendants' participation in a non-physical argument prior to the

5

shooting, without more, does not support an inferential leap that they have a particular character trait—such as a violent character—so as to infer that they acted in accordance with that character in committing the murder and firearms crimes charged. *Cf. Lewis v. Velez,* 149 F.R.D. 474, 483 (S.D.N.Y. 1993) (discussing a person's "aggressive disposition" in context of *previous assault convictions*, and excluding those convictions because they "skirt[ed] too close to the impermissible suggestion that the [party] had a propensity toward violence and acted in conformity with his aggressive predisposition"). As the Third Circuit has noted: "[T]he purpose of Rule 404(b) is 'simply to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person, implying that the jury needn't worry overmuch about the strength of the government's evidence.'" *Green*, 617 F.3d at 249 (quoting *United States v. Taylor*, 522 F.3d 731, 735-36 (7th Cir. 2008)).

      Under the circumstances here, the evidence of an argument lacks the character-defining feature that is critical to the underlying purpose of Rule 404(b). Indeed, the Court has found no analogous cases where an argument, unrelated to any physical altercation that would constitute a bad act, has been interpreted as reflecting a particular character trait so as to come within the purview of Rule 404(b). *Cf. Prater v. City of Phila.*, 2012 WL 3930063, at *4 (E.D. Pa. Sept. 7, 2012) (analyzing whether defendant's prior arrests and bad acts for, *inter alia,* aggravated assault, "create an inference that he has an aggressive and hostile character"); *United States v. Grosh*, 2009 WL 1307207, at *2 (D. Md. Apr. 29, 2009) (examining whether defendant's prior assault charge for "aggressively forcing four people to the ground at gunpoint" could also prove intent or motive under Rule 404(b)); *Giles v. Rhodes*, 2000 WL 1425046, at *10 (S.D.N.Y. Sept. 27, 2000) (assessing argument that prisoner's disciplinary record, where some infractions relate to "violent behavior or disobedience," would demonstrate only that he was a "person of bad and

aggressive character who acted in conformity with that character"). Accordingly, the Court concludes that evidence of an argument under the circumstances here does not implicate Rule 404.

Even if the evidence of an argument is deemed to constitute "prior crimes or other bad acts," *Green*, 617 F.3d at 249, or is otherwise character evidence thereby implicating Rule 404(b), the Court finds that the evidence is admissible for a non-propensity purpose and thus is not excluded by Rule 404(b). Specifically, evidence of the argument provides relevant background information that "aids understanding by 'complet[ing] the story'" of the charged crime, *id.* at 245, and sets the context for the unfolding events. *Green* instructed that "other crimes" background evidence or evidence that "completes the story" is properly analyzed under Rule 404(b), and will routinely be deemed admissible for that legitimate non-propensity purpose. *See id.* at 249 (noting that most, if not all "other crimes" evidence admitted as background will be admitted under the Third Circuit's approach to Rule 404(b)).[1]

Further, this background evidence is relevant in helping to explain the circumstances leading up to the commission of the crime. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). This definition is "very broad." *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004). Not only is the evidence relevant, but it passes muster under Rule 403. The Government's proffer of the argument provides a narrative of events leading up to the shooting and helps to place the shooting in context. The probative value of this evidence is not "substantially outweighed" by the danger of any purported unfair prejudice—which remains

---

[1] The Government asserted—and, based on its proffer, the Court agrees—that evidence of the argument is also admissible under Rule 404(b) for the non-propensity purpose of showing motive. (Dkt. No. 8 at 2).

7

unclear—so as to require its exclusion under Fed. R. Evid. 403.

The Court is unpersuaded by Defendants' contrary arguments. Their first argument is that the Government's proffered evidence of an argument is inadmissible because the evidence will not show that there was an argument at the car wash at all, and any innuendo of an argument will be prejudicial. The Court disagrees. If the evidence shows there was no argument, then there are no acts that can be attributed to Defendants prior to the shooting. The strength of the Government's proffered evidence of an argument is grist for cross-examination, and the probative value of that evidence is not substantially outweighed by any purported unfair prejudice so as to render it inadmissible under Rule 403.

Defendants' second argument—that the Supreme Court opinion in *Huddleston* requires the Court to make a preliminary finding that the argument actually happened—misinterprets the *Huddleston* opinion. In fact, the Supreme Court stated that "mandating a preliminary finding by the trial court that the act in question occurred not only superimposes a level of judicial oversight that is nowhere apparent from the language of that provision [Rule 404(b)], but it is simply inconsistent with the legislative history behind Rule 404(b)." *Huddleston*, 485 U.S. at 688. Wrensford's argument that a preliminary finding by the Court is required is therefore mistaken.[2]

Finally, Defendants' third contention—that if there was an argument, then such an argument would show that the Defendants had the character trait of aggressivity and is therefore inadmissible—is unpersuasive. As noted earlier, the Court does not consider the Government's proffered evidence of an argument to be "character" or "similar act" evidence. Moreover, even

---

[2] Any challenge to the sufficiency of the evidence that a defendant committed an allegedly similar act, for purposes of submitting the evidence to the jury, is triggered by a motion to strike the evidence at the close of the trial by the objector. *Huddleston*, 485 U.S. at 690 n.7. This all assumes, of course, that "similar act" evidence is at issue here—a proposition with which the Court disagrees.

assuming that Rule 404(b) applies, there is, as previously discussed, a legitimate non-propensity purpose for which the evidence is offered.

In sum, the Court finds that evidence of a prior argument does not implicate Rule 404(b) at all. Even if it did, such evidence is admissible for a non-propensity purpose—*i.e.*, as relevant background information that "aids understanding by 'complet[ing] the story'" of the charged crimes. *Green*, 617 F.3d at 245.

## ORDER

**UPON CONSIDERATION** of the Government's "Motion *in Limine* re Prior Conduct," Defendants' arguments raised at the March 4, 2015 hearing on the Motion, and in accordance with the Court's ruling from the bench on March 11, 2015, it is hereby

**ORDERED** that the Government's "Motion *in Limine* re Prior Conduct" is **GRANTED**. (Dkt. No. 8).

**SO ORDERED**.

Date: March 26, 2015                                         _____/s/_____
                                                             WILMA A. LEWIS
                                                             Chief Judge